HENRY SMITH ET AL. *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 3—249.]

**Criminal Law—Gaming Machine.**

> The president and directors of a county fair violate the law by permitting a machine and contrivance used in betting and other games of chance to be set up, kept and exhibited on premises in their occupation and under their control.

**Meaning of Term "Tables" in Law Against Gaming.**

> The term "tables" is an apt designation of gaming itself, and when used with reference to gaming does not necessarily mean a round or square table on which cards are generally played. Any kind of a machine or contrivance at which a game of chance or betting can be engaged in is a "table" in the parlance of those who use them most often.

APPEAL FROM WARREN CIRCUIT COURT.

September 15, 1881.

OPINION BY JUDGE HARGIS:

The appellants were indicted for unlawfully and knowingly permitting "a machine and contrivance used in betting and other games of chance" to be set up, kept and exhibited on premises in their occupation and under their control. The manner of the commission of the offense is alleged to have been by permitting "a wheel of fortune" to be set up and operated on the fair grounds, while in their occupation and control as president and directors of the Warren County Agricultural and Mechanical Association. They allege that the "wheel of fortune" was a machine and contrivance used in betting, and people openly bet at it during the fair.

They were found guilty and their fine assessed at $250 each. From the judgment therefor they have appealed, and ask its reversal on various grounds. General Statutes (1879), Ch. 47, Art. 1, § 6, pronounces a heavy penalty against any person who "shall set up, exhibit, or keep for himself or another * * * any faro bank, gaming table, machine or contrivance used in betting, or other game of chance, whereby money or other thing is or may be won or lost." Section 7 of the same chapter and article provides: "Whoever shall permit any such game or table,

as is mentioned in the last section, to be set up, kept or exhibited  *  *  *  on any premises in his occupation or under his control  *  *  *  shall be fined," etc.

The terms used in this section include faro bank, machine and contrivance used in betting or other game of chance, or any kind of gaming table whatsoever, mentioned in the sixth section. The use to which the faro bank contrivance and machine for betting and other games are put by those who use them show that they are "gaming tables," in the sense in which those terms are mentioned in the sixth section, which is referred to by the seventh section to avoid repetition. The term "tables" is an apt designation of gaming itself.

"Monsieur, the nice, when he pays at tables, chides the dice." "Table," when used with reference to gaming, does not necessarily mean a round or square table on which cards are generally played. Any kind of a machine or contrivance at which a game of chance or betting can be engaged in is a "table" in the parlance of those who use them most often, and suffer most by their folly.    Such we believe is its meaning as used by the legislature in § 7.

Wherefore the judgment is *affirmed.*

*Nat A. Porter, Rodes & Little, for appellants.*

*John M. Porter, for appellee.*